His Honor, EMILE G-ODCELAUX,
rendered the opinion and decree of the Court, as follows:
According to the recitals of the contract upon which this suit is based, plaintiff leased certain property from defendant at a weekly rental of $2.00. The instrument grants to the plaintiff, as lessee, the option of buying the property for the sum of $500.00, and provides that should the option be exercised, the rental paid shall be credited towards the liquidation of the price. Plaintiff claims that, from the date of this contract, namely, October 25, 1909, he has paid the defendant in small installments the sum of $675.00; that this amount is in excess of the purchase price fixed, and that therefore he is entitled to a decree ordering defendant to execute a deed of the property to him.
The exception of no cause of action, which was maintained by the trial 'Court, is grounded upon the claim that the amount paid by plaintiff, namely, $675.00, is less than *291 the price fixed by the terms of the contract, and that accordingly, plaintiff not having complied or offered to comply with his obligation, is not entitled to a decree of specific performance. The correctness of the Court’s judgment maintaining the exception and dismissing the suit, involves the interpretation of the following clause in the agreement:-
“If the lessee avails himself of the privilege-of purchasing said property, 8% per annum interest on the amount of the purchase price, to-wit, $500.00, is to be charged monthly, but calculated day by day from- the 25th of October, 1909, to date of final payment made under this lease, and from the said amount of interest, plus the said principal, is to be deducted the amount of rent paid in on account of said lease.”
Defendant contends that under this clause the installments paid by plaintiff are to be credited or imputed to the payment of the price only .as of date when the option was exercised, namely May 15, 1915, .and that consequently the true sum due is $500.00 plus 8% interest thereon from October 25, 1909, to May 15, 1915, or over $720.00, an amount in excess of that paid by plaintiff; while on the other hand, plaintiff submits that the installments should be credited or imputed to the liquidation of 'the price from time to time during the contract and that defendant is entitled to interest at 8%, not upon the whole $500.00, but simply upon the successive balances thus produced. If this theory is adopted the amount ■paid by him evidences a compliance with his obligation.
If, as defendant claims, he is entitled to interest for the period .stated on the full sum of $500.00, then the provision to the effect that interest “is to be charged month *292 ly” is meaningless • and must be disregarded. On the other hand it is to be presumed that the phrase was employed for an /effective purpose, and we take it that the clear intention was to indicate, as plaintiff contends, that the account should be stated monthly and interest calculated upon this monthly balance. Moreover, since the contract is on a printed form prepared by defendant, any ambiguity,is attributable to the latter and an interpretation most-favorable to plaintiff should be adopted.
Opinion and decree, March 27th, 1916.
The judgment is accordingly set aside and reversed, the exception of no cause of action is dismissed and the case remanded for further proceedings according to law, defendant paying the costs of this appeal', and all other costs to await the final determination of the cause.
Reversed and remanded.